UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MAJOR HENLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:17-cv-02385-JMS-TAB ) |
| TROY SUNIER Indiana State Police Trooper, in his individual capacity, | ) ) ) |
| Defendant. | ) ) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND COMPLAINT**

At issue is Plaintiff James Henley's motion to amend his third amended complaint. Henley seeks leave to add official capacity language to his complaint, which currently names Defendant Troy Sunier only in his individual capacity. As explained below, Henley fails to show good cause for his delay in seeking to amend, and the Court denies his motion. [Filing No. 54.]

To amend his complaint at this late stage, Henley must demonstrate the delay happened despite his diligence. Federal Rule of Civil Procedure 15(a)(2) provides that the Court should freely grant leave to amend the pleadings "[w]hen justice so requires." But amending the Case Management Plan requires good cause. Fed. R. Civ. P. 16(b)(4). Therefore, when a party seeks to amend the pleadings after the deadline in the case management plan, the party is necessarily seeking to amend the CMP and must show good cause. *See Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). A good cause determination "primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Henley fails to make an argument that he had good cause for his delay of nearly five months. The deadline for amending the pleadings passed on March 1, 2018. [Filing No. 21.] Henley filed his motion to amend on August 21, 2018. [Filing No. 54.] Rather than attempt to show diligence, Henley merely argues that other independent reasons for denying leave to amend are not present. Without any argument that this long delay occurred despite his diligence, the Court cannot find good cause for it. Moreover, this motion comes after Henley and Sunier filed cross motions for summary judgment. Permitting an amendment would likely cause additional delay, as the motions would likely need to be withdrawn, revised, and resubmitted.

Henley's arguments that a different standard applies are unpersuasive. Henley first argues that Rule 15(c)(1) permits amended complaints to relate back to the date of the original pleading when the plaintiff amends to correct a misnomer. However, the relation back doctrine concerns whether the statute of limitations bars the action, not the Court's deadlines. *See* § 1496 Relation Back of Amendments—In General, 6A Fed. Prac. & Proc. Civ. § 1496 (3d ed.).

Henley next cites *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008), which acknowledges that "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Henley admits that there has been delay, but argues that none of the other listed reasons are present. Irrespective of whether the other listed reasons are present, Henley does nothing to dispel Sunier's contention that this amendment comes after undue delay.[1] Furthermore, Henley's argument that Sunier would not

---

[1] Sunier also argues that the amendment is futile, citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58 (1989), *Lett v. Magnant*, 965 F.2d 251, 255 (7th Cir. 1992), and *Rascon v. Hardiman*, 803 F.2d 269, 274 (7th Cir. 1986). The Court does not address this argument because Henley fails to show good cause for his delay in seeking this amendment.

2

be prejudiced is severely undermined by his admission that Sunier would have the "inconvenience" of having to redo his motion for summary judgment. [Filing No. 54, at ECF p. 4.]

Finally, Henley argues that Rule 15(a)(2)'s lenient standard of freely granting leave "when justice so requires" should apply because he seeks to amend in response to an argument he claims would normally be raised in a Rule 12(b)(6) motion.[2] However, Henley's argument ignores the applicable limits of Rule 16(b)(4), discussed above. Further, no rule required Sunier to make his argument earlier. *See* Fed. R. Civ. P. 12(b) ("a party may assert the following defenses by motion . . ."); *see* Fed. R. Civ. P. 56 (containing no exclusion for arguments that could have been raised in a Rule 12(b) motion). As Sunier points out, Defendants are free to choose to conduct discovery into a claim and to use that discovery to file a dispositive motion under the considerably different standard that comes with Rule 56. Additionally, the Court cannot ignore that Henley is on the fourth version of his complaint; justice does not require the Court to allow him a fifth version this late in the litigation.

As shown above, Henley fails to show good cause for waiting five months after the deadline to amend his complaint, and Henley's arguments that a more lenient standard applies are unpersuasive. Therefore, the Court denies Henley's motion to amend. [Filing No. 54.]

Date: 9/24/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

---

[2] In his motion for summary judgment, Sunier argues some of the relief Henley seeks is unavailable against Sunier in his individual capacity.

Distribution:

Jeffrey R. Cardella
LAW OFFICE OF JEFF CARDELLA LLC
jeffcardella@cardellalawoffice.com

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Joshua Robert Lowry
INDIANA ATTORNEY GENERAL
joshua.lowry@atg.in.gov