UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES MAJOR HENLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-02385-JMS-TAB |
| ) | |
| TROY SUNIER Indiana State Police Trooper, in ) | |
| his individual capacity, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Presently pending before the Court is Defendant Troy Sunier's response to this Court's show-cause order regarding Plaintiff James Henley's Motion for Summary Judgment on his claim for false arrest. [Filing No. 63; Filing No. 65.] Having considered Trooper Sunier's response and Mr. Henley's reply, the Court determines that Mr. Henley is not entitled to summary judgment on his false arrest claim.

### I.
### BACKGROUND

Mr. Henley raises three claims arising from interactions between himself and Trooper Sunier—a false arrest claim stemming from an incident on February 1, 2017, and two First Amendment claims stemming from incidents on August 24 and August 25, 2017. [Filing No. 47.] The Court denied Trooper Sunier's motion for summary judgment as to both First Amendment claims, and it denied Mr. Henley's motion for summary judgment as to the August 25, 2017 First Amendment claim.[1] [Filing No. 63.]

---

[1] Mr. Henley did not move for summary judgment as to his August 24, 2017 First Amendment claim.

1

Trooper Sunier and Mr. Henley both moved for summary judgment on Mr. Henley's false arrest claim. Trooper Sunier did so on the basis that he had probable cause, or arguable probable cause, to arrest Mr. Henley for refusing to aid an officer in violation of Ind. Code § 35-44.1-3-3. [*See* Filing No. 53.] The Court denied Trooper Sunier's Motion and concluded that Mr. Henley's Motion could be granted, because it found that no reasonably prudent person could have believed that Mr. Henley violated that statute. [Filing No. 63.] It reached that conclusion, however, based on a statutory analysis that was inadequately briefed by the parties. As such, the Court issued a show-cause order, offering Trooper Sunier a "final opportunity to respond to the specific grounds upon which the Court has reached its conclusion, before judgment is entered in favor of Mr. Henley." [Filing No. 63 at 21.] Trooper Sunier has filed his response to the show-cause order, [Filing No. 65], and Mr. Henley has filed his reply, [Filing No. 68].

## II.
### DISCUSSION

In response to the show-cause order, Trooper Sunier does not address the Court's interpretation and application of Ind. Code § 35-44.1-3-3.[2] Instead, he argues that Mr. Henley is not entitled to summary judgment on his false-arrest claim because probable cause existed to arrest Mr. Henley under a different statute, Indiana Code § 35-44.1-2-13, which prohibits a person from intentionally obstructing vehicular or pedestrian traffic. [Filing No. 65 at 4-7.]

Whether probable cause exists is an objective inquiry and does not depend on the subjective belief or motivation of the arresting officer. *See Thayer v. Chiczewski*, 705 F.3d 237, 247 (7th Cir. 2012) (citing *Whren v. United States,* 517 U.S. 806, 810 (1996)). That is, the officer's "subjective

---

[2] The Court's determination as to Ind. Code § 35-44.1-3-3 is therefore law of the case, and may not be revisited by Trooper Sunier at trial. *See, e.g., Galvan v. Norberg*, 678 F.3d 581 (7th Cir. 2012) (the court refrains from reopening issues decided in earlier stages of the case, absent extraordinary circumstances).

2

reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." *Devenpeck v. Alford*, 543 U.S. 146, 153 (2004). The existence of probable cause for any offense—even one that was not identified at the scene or in the charging documents—will defeat a false arrest claim. *See, e.g., Sroga v. Weiglen*, 649 F.3d 604, 608 (citing *Devenpeck*, 543 U.S. at 153-54).

The Court deals succinctly with Trooper Sunier's response to the show-cause order, because Trooper Sunier acknowledges, as did the Court in its Order on summary judgment, that the parties dispute where Mr. Henley was standing and what he was doing at the time of his arrest. [Filing No. 63 at 4-5; Filing No. 65 at 8-9.] Trooper Sunier contends that Mr. Henley was standing on the pavement of the roadway near the I-465 westbound exit to Keystone Avenue at 86th Street, holding a sign asking for help. [Filing No. 50 at 4; Filing No. 48-2 at 1.] Mr. Henley agrees that he was present at that exit on that date, but states that he had not yet started signing when Trooper Sunier arrived. [Filing No. 48-6 at 124.] Mr. Henley attests that he was standing in the grassy area next to the road with his back to oncoming traffic. [Filing No. 48-6 at 125.]

Mr. Henley reiterates his claims about the failure to aid an officer statute, citing Trooper Sunier's deposition about that statute being the basis for his arrest. But, as noted, Trooper Sunier's subjective belief is not relevant focus, and at trial he may cite to another statute in support of his claim that probable cause existed to arrest Mr. Henley. Any determination as to whether Trooper Sunier could have believed that Mr. Henley was intentionally obstructing traffic depends on the resolution of the disputed material facts noted above, and summary judgment is therefore not appropriate. It is for the jury to make that objective determination.

Accordingly, the Court **DECLINES TO ENTER SUMMARY JUDGMENT** in favor of Mr. Henley as to his false-arrest claim.

## III.
### CONCLUSION

For the reasons described above, the Court **DECLINES TO ENTER SUMMARY JUDGMENT** on Mr. Henley's false arrest claim, [48]. The Court's show-cause order is hereby discharged, [63].

The Court encourages the parties to reach an agreed-upon resolution of this case at or in advance of the settlement conference scheduled for February 1, 2019.

Date: 1/10/2019

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**